FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ABP PEARL HIGHLANDS LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TIGO ENERGY, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> _____ ) | CIVIL NO. 25-00154 JAO-WRP <br><br> FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF ABP PEARL HIGHLANDS LLC'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND NON-TAXABLE COSTS |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF ABP PEARL HIGHLANDS LLC'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND NON-TAXABLE COSTS

Before the Court is Plaintiff ABP Pearl Highlands LLC's (Plaintiff) Motion for an Award of Attorneys' Fees and Non-Taxable Costs, ECF No. 20. No opposition was filed by Defendant Tigo Energy (Defendant). On November 14, 2025, Plaintiff filed a Reply, ECF No. 26. The Court finds this Motion suitable for disposition without a hearing pursuant to Local Rule 7.1(c). After careful consideration of the record in this action and the relevant legal authority, the Court finds and recommends that Plaintiff's Motion be GRANTED.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636 (b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

1

## BACKGROUND

Plaintiff is the fee simple owner of Pearl Highlands. See Complaint, ECF No. 1 at ¶ 12. Plaintiff currently leases the solar photovoltaic energy system (System) at Pearl Highlands from its owner, First Hawaiian Leasing, Inc. (FHL). See id. at ¶¶ 12-13. The claims in this lawsuit arise out of allegedly defective and dangerous rapid shutdown devices (RSDs) designed, manufactured, marketed, and distributed by Defendant, and installed in the photovoltaic System at Pearl Highlands. See id. at ¶ 11.

On October 28, 2021, Plaintiff and FHL executed a lease, whereby FHL agreed to lease the System to Plaintiff upon completion. See id. at ¶ 17. Under the terms of the lease, FHL also assigned to Plaintiff all rights to any manufacturer or vendor warranties on the System. See id. The lease further required that all claims or actions under any such warranties shall be made by Plaintiff. See id. Two of Defendant's RSDs that were installed in the System melted, overheated, combusted and/or ignited, causing a critical failure in the System (Failure). See id. at ¶ 31. The Failure resulted in a total shutdown of the System, and thermal and/or fire damage to the System. See id. at ¶ 31. As a direct result of the Failure, Plaintiff was forced to shut down a portion of the System to prevent further fires and mitigate the danger of death, personal injury, and/or property damage created by the RSDs. See id. at ¶ 34.

On April 11, 2025, Plaintiff filed the Complaint against Defendant, asserting claims for: (1) negligence due to product defect (Count I); (2) negligence due to failure to warn (Count II); (3) strict product liability (Count III); (4) breach of the implied warranty of merchantability (Count IV); (5) breach of the implied warranty of fitness for particular purpose (Count V); and (6) breach of express warranty (Count VI).

After Defendant failed to respond to the Complaint, default was entered against it on May 7, 2025.  See Entry of Default, ECF No. 13.  On August 29, 2025, this Court issued a Findings and Recommendation which recommended "entering default judgment against Defendant as to all claims in the Complaint."  See Findings and Recommendation, ECF No. 18 at 16.  On September 19, 2025, the District Court adopted this Court's Findings and Recommendation.  See Order Adopting Magistrate Judge's Findings and Recommendations.  This motion for fees and costs followed.

## DISCUSSION

### I. Entitlement to Attorneys' Fees

Plaintiff argues that, as the prevailing party in this case, it is entitled to attorneys' fees pursuant to HRS Section 607-14 which governs the award of fees for actions in the nature of assumpsit.  HRS Section 607-14 provides: "[I]n all the courts, in all actions in the nature of assumpsit . . . there shall be taxed as attorneys'

3

fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable." Haw. Rev. Stat. § 607-14. Attorneys' fees awarded pursuant to Section 607-14 "shall not exceed twenty-five per cent of the judgment." Id.

"In order to award reasonable attorneys' fees under [HRS Section 607-14], the court must determine whether: (1) the action is in the nature of assumpsit . . .; (2) the moving party is the prevailing party; (3) the fees requested are reasonable; and (4) the fees do not exceed twenty-five percent of the judgment." Sheehan v. Centex Homes, 853 F. Supp. 2d 1031, 1038 (D. Haw. 2011). The Court addresses these factors below.

### A. Nature of Assumpsit

"It is well settled under Hawai'i law that 'an action in the nature of assumpsit includes 'all possible contract claims.'" Kona Enterprises, Inc. v. Est. of Bishop, 229 F.3d 877, 844 (9th Cir. 2000) (citing Leslie v. Est. of Tavares, 93 Haw. 1, 5, 994 P.2d 1047, 1051 (2000)). "Assumpsit is a common law form of action which allows for the recovery of damages for the non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." Id. (quoting Leslie, 93 Haw. at 5, 994 P.2d at 1051). "The focus of this analysis is thus on the 'substance' of the action, 'rather than [on] the formal language employed or the form of the pleadings.'" Id. (citing Schulz v. Honsador,

4

Inc., 67 Haw. 433, 436, 690 P.2d 279, 282 (1984), overruled on other grounds by Blair v. Ing, 96 Haw. 327, 31 P.3d 184 (2001)). "Hence, the mere use of tort language in a complaint does not control the characterization of the action as either in assumpsit or in tort." Id. "Instead, '[t]he character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought.'" Id. (citing Leslie, 93 Haw. at 6, 994 P.2d at 1052).

Further, for an action to be in the nature of assumpsit, the plaintiff's "primary objective must be to obtain monetary relief for breach of contract." Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Haw. 251, 280, 151 P.3d 732, 761 (2007). Additionally, the Ninth Circuit "requires an evaluation of the nature of each claim when determining whether an action is in the nature of assumpsit." BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., No. CIV. 09-00181 LEK-KS, 2015 WL 881577, at *7 (D. Haw. Feb. 27, 2015). In a suit with mixed claims, the existence of contract claims may result in a finding that the action is in the nature of assumpsit unless those "contract claims are merely decorative . . . and not germane to the genuine dispute being litigated." Kona Enterprises, Inc., 229 F.3d at 884. "[W]hen there is doubt as to the nature of the suit, the presumption is that it sounds in assumpsit and not in tort." Healy-Tibbitts Const. Co. v. Hawaiian Indep. Refinery, Inc., 673 F.2d 284, 286 (9th Cir. 1982). The party opposing the

5

request for fees under HRS Section 607-14 has the burden of showing that "all claims" alleged are not in the nature of assumpsit. Kona Enterprises, Inc., 229 F.3d at 885.

      As a preliminary matter, the Court notes that Defendant did not file any opposition to this Motion and therefore waives any argument in opposition to the issues raised in the Motion. See Trigueros v. Adams, 685 F.3d 983, 988 (9th Cir. 2011); Gribben v. United Parcel Serv., 528 F.3d 1166, 1171 (9th Cir. 2008).

      The following claims are in the nature of assumpsit: Breach of the Implied Warranty of Merchantability (Count IV); Breach of the Implied Warranty of Fitness for a Particular Purpose (Count V); and Breach of Express Warranty (Count VI). See Schulz, 690 P.2d at 282. Although Plaintiff's other claims against Defendant are not in the nature of assumpsit, the Court finds that the substance of the entire grievance between these parties is the alleged breach of warranties. See Kona Enterprises, Inc., 229 F.3d at 884. Plaintiff's primary objective in bringing its claims against Defendant was to obtain monetary compensation for consequential damages resulting from the defect in Defendant's product, in violation of numerous warranties. See Complaint, ECF No. 1 at 17-18; Motion for Default Judgment, ECF No. 15 at 2; Memorandum in Support of Default Judgment, ECF No. 15-1 at 13; see also Kahala Royal Corp., 113 Haw. at 280, 151 P.3d at 761; Helfand v. Gerson, 105 F.3d 530, 537 (9th Cir. 1997) ("[A] plaintiff's

6

prayer for attorney fees is a significant indication that the action is in assumpsit.").

Further, Plaintiff's claims that sound in tort necessarily required resolution of the breach of warranty claims. For example, Plaintiff's negligence and product liability claims concerned whether the RSDs had a defect in violation of the express and implied warranties. See Complaint, ECF No. 1 ¶¶ 45, 48, 54. The Court therefore finds that the assumpsit claims in this case were not merely "decorative" in nature, but were "germane" to the genuine dispute litigated between Plaintiff and Defendant. See Kona Enterprises, Inc., 229 F.3d at 884. Additionally, even if there is doubt as to whether the action sounds in assumpsit or in tort, there is a presumption that the case sounds in assumpsit. See Healy-Tibbitts Const. Co., 673 F.2d at 286. Accordingly, and absent any argument from Defendant, the Court FINDS that this action is in the nature of assumpsit for purposes of HRS Section 607-14.

### B. Apportionment

"A court awarding attorneys' fees pursuant to § 607-14 must apportion the fees claimed between assumpsit and non-assumpsit claims, if practicable." Au v. Republic State Mortg. Co., No. CIV.11-00251 JMS, 2014 WL 770291, at *3 (D. Haw. Feb. 14, 2014) (citing Blair, 6 Haw. at 332, 31 P.3d at 189). "However, if apportionment would be impracticable because the various claims are inextricably linked to the breach of contract, then the Court may decline

to apportion attorneys' fees between the claims." Bruser v. Bank of Haw., No. CV 14-00387 LEK-RLP, 2017 WL 1534189, at *5 (D. Haw. Apr. 27, 2017); Blair, 96 Haw. at 333, 31 P.3d at 190 ("Because the negligence claim in this case was derived from the alleged implied contract and was inextricably linked to the implied contract claim by virtue of the malpractice suit, we hold that it is impracticable, if not impossible, to apportion the fees between the assumpsit and the non-assumpsit claims.").

Judgment was entered in favor of Plaintiff on all claims, including the breach of warranty claims. As noted above, the non-assumpsit claims required resolution of the breach of warranty claims because all claims analyze whether the RSDs had a defect that caused danger and a shutdown of the System. Absent any argument from Defendant, the Court FINDS that apportioning the remainder of the claims is impracticable because they are inextricably linked to the breach of warranty claims. See Bruser, 2017 WL 1534189, at *5; Blair, 96 Haw. at 333, 31 P.3d at 190.

### C. Prevailing Party

"Section 607-14 states that reasonable attorneys' fee[s] shall be taxed in favor of the prevailing party against the losing party." Au v. Funding Grp., Inc., 933 F. Supp. 2d 1264, 1270 (D. Haw. 2013). "In determining which party is the prevailing party in complex litigation, Hawaiian courts focus on which party

prevailed on the 'disputed main issue.'" In re Hoopai, 581 F.3d 1090, 1102 (9th Cir. 2009) (citing Food Pantry, Ltd. v. Waikiki Bus. Plaza, Inc., 58 Haw. 606, 620, 575 P.2d 869, 879 (1978)).  "The 'disputed main issue,' in turn, is identified by looking to the 'principal issues raised by the pleadings and proof in a particular case.'"  Id. (citing Fought & Co. v. Steel Eng'g & Erection, Inc., 87 Haw. 37, 53, 951 P.2d 487, 502-503 (1998)).  "Thus, the 'prevailing party' is the party that succeeds on the issue or issues that are (1) the 'principal' issues raised in the litigation and (2) disputed by the parties.'"  Id.

The Court FINDS that Plaintiff is the prevailing party because default judgment was entered in favor of Plaintiff on all claims.  See Au, 933 F. Supp. 2d at 1270 (citing MFD Partners v. Murphy, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (1992) (stating that Hawaii courts have noted that "a party in whose favor judgment is rendered by the district court is the prevailing party in that court.")).

## II. Attorneys' Fees

### A. Plaintiff's Request for Attorneys' Fees

Plaintiff requests attorneys' fees in the amount of $27,261.50 for work performed by counsel in litigating this matter beginning on November 8, 2024.  See Declaration of Harvey J. Lung, ECF No. 20-2 at 6, Ex. A to Motion, ECF No. 20-3 at 1.

| Timekeeper | Hours | Hourly Rate | Total Requested |
|---|---|---|---|
| Harvey J. Lung | 5.9 | $505.00 | $2,979.50 |

| David A. Imanaka | 9.5 | $240.00 | $2,280.00 |
| Ivana P. Tran | 106.8 | $190.00 | $20,292.00 |
| Amy S. Groves | 7.3 | $150.00 | $1,095.00 |
| Chad A. Wago | 4.1 | $150.00 | $615.00 |
| **Total** | | | **$27,261.50[2]** |

See Declaration of Harvey J. Lung, ECF No. 20-2 at 6.

### B. Reasonable Fees

HRS Section 607-14 requires that the Court determine the reasonableness of the fees requested. See Haw. Rev. Stat. § 607-14. An award of reasonable attorneys' fees is generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). A reasonable fee is determined by multiplying (1) "the number of hours reasonably expended on the litigation" by (2) "a reasonable hourly rate." Hensley, 461 U.S. at 433-34.

#### i. Reasonable Hourly Rate

A reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. See Roberts v. City of Honolulu, 938 F.3d 1020, 1024-25 (9th Cir. 2019). The relevant community is the forum in which the district court sits. See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973,

---

[2] The table included in Plaintiff's filing stated "27,261.60" as the total. Based on the Court's calculation, this is an error.

979 (citing Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997)).  The Court may also rely on its own knowledge and experience in determining a reasonable hourly rate.  See Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (holding district court did not abuse its discretion by relying on its own knowledge and experience to determine reasonable hourly rate for attorney fees).

   Mr. Harvey J. Lung, Esq. was admitted to practice law in Hawaii in 1981 and has been practicing law for approximately forty-four (44) years.  See Declaration of Harvey J. Lung, ECF No. 20-2 ¶ 4.  He is a partner with Lung Rose Voss & Wagnild (LRVW) and specializes in real estate and construction law.  Id. ¶¶ 1, 4.  He has a "Preeminent" ranking from Martindale-Hubble and is "recognized among the Best Lawyers in Hawai'i for commercial litigation and construction law, as published by Honolulu Magazine, Best Lawyers in America, and Super Lawyers for construction litigation.  Id. ¶ 4.  He has extensive experience litigating complex civil litigation matters and is lead counsel for this case.  Id. ¶¶ 3, 5.  His regular hourly rate is $575.  Id. ¶ 6.  Based on the evidence provided in support of Mr. Lung's rate and the Court's knowledge and experience of the prevailing rates in the community, the Court FINDS that Mr. Lung's rate of $505 per hour is reasonable.

   Mr. David A. Imanaka, Esq. was admitted to practice law in Hawaii in 2017 and has been practicing law for approximately eight (8) years.  Id. ¶ 7.  He

practices complex commercial litigation, real estate litigation, and construction litigation.  Id.  For this case, he "oversaw all aspects of LRVW's efforts, including reviewing and editing court submissions, supervising client communications, and developing litigation strategy."  Id.  "He also contributed to drafting the Complaint, the Motion for Default Judgment, the present Motion, and other filings and briefs."  Id.  His usual hourly rate is $285.  Id.  Based on the evidence provided in support of Mr. Imanaka's rate and the Court's knowledge and experience of the prevailing rates in the community, the Court FINDS that Mr. Imanaka's rate of $240 per hour is reasonable.

    Ms. Ivana P. Tran, Esq. was admitted to practice law in Hawaii in 2023 and has been an associate at LRVW for approximately three (3) years.  Id. ¶ 8.  Ms. Tran also clerked for approximately two (2) years with the Honorable John M. Tonaki in the Circuit Court of the First Circuit, State of Hawaii.  Id.  For this case, she "prepar[ed] initial drafts of the majority of the correspondence, legal analyses, and court filings in this and the related Bankruptcy Matter, including . . . the Complaint, the Motion for Default Judgment, [and] the present Motion."  Id.  Her usual hourly rate is $225.  Id.  Based on the evidence provided in support of Ms. Tran's rate and the Court's knowledge and experience of the prevailing rates in the community, the Court FINDS that Ms. Tran's rate of $190 per hour is reasonable.

Ms. Amy Groves is a third-year law student who worked at LRVW as a summer associate and law clerk. Id. ¶ 9. In this case, she "assisted with discovery and drafting the initial disclosures." Id. Based on the evidence provided in support of Ms. Groves' rate and the Court's knowledge and experience of the prevailing rates in the community, the Court FINDS that Ms. Groves' rate of $150 per hour is reasonable.

Mr. Chad A. Wago is a paralegal at LRVW and has approximately seven (7) years of experience as a paralegal in Hawaii. Id. ¶ 10. In this case, he "assisted with discovery . . . by processing, reviewing, and preparing the voluminous documents received from the client." Id. Based on the evidence provided in support of Mr. Wago's rate and the Court's knowledge and experience of the prevailing rates in the community, the Court FINDS that Mr. Wago's rate of $150 per hour is reasonable.

### ii. Hours Reasonably Expended

Plaintiff bears the burden of proving the fees requested are associated with the relief requested and reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" will not be compensated. See Gates v. Duekmejian, 987 F.2d 1392, 1397 (9th Cir. 1992) (quoting Hensley, 461 U.S. at 433-34). The Court will further

strike or reduce block billed entries, incomplete entries that do not provide enough information to evaluate the legal services provided, or other entries that do not comply with the Local Rule 54.2(f)(3):

> (3) Description of Services Rendered. The party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated. In describing such services, counsel should be sensitive to information protected by the attorney-client privilege or the attorney work product doctrine, but must nevertheless furnish an adequate non-privileged description of the services in question. If the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly. For example, time entries for telephone conferences must include an identification of all participants and the reason for the call; entries for legal research must include an identification of the specific issue researched and, if possible, should identify the pleading or document for which the research was necessary; entries describing the preparation of pleadings and other documents must include an identification of the pleading or other document prepared and the activities associated with such preparation. Block billing is not permitted, and block billed entries may be partially or completely excluded by the court.

Local Rule 54.2(f)(3).

The Court reviewed Plaintiff's time entries and FINDS that all time entries comply with Local Rule 54.2, contain sufficient detail for the Court to evaluate the legal services provided, and are reasonable. Based on the Court's analysis above, and as set forth in the table below, the Court FINDS that Plaintiff has established it is entitled to an award of reasonable attorneys' fees in the amount

of **$28,546.06**.

| Timekeeper | Hours | Rate | Fees Requested |
|---|---|---|---|
| Harvey J. Lung | 5.9 | $505.00 | $2,979.50 |
| David A. Imanaka | 9.5 | $240.00 | $2,280.00 |
| Ivana P. Tran | 106.8 | $190.00 | $20,292.00 |
| Amy S. Groves | 7.3 | $150.00 | $1,095.00 |
| Chad A. Wago | 4.1 | $150.00 | $615.00 |
| Sub-Total | | | $27,261.50 |
| General Excise Tax (4.712%) | | | $1284.56 |
| **Reasonable Attorneys' Fees** | | | **$28,546.06** |

### III.  Costs

The Court is authorized to award costs pursuant to Section 607-14 and FRCP Rule 54(d)(1).  See Ko Olina Dev., LLC v. Centex Homes, No. CV. 09-00272 DAE-LEK, 2011 WL 1235548, at *14 (D. Haw. Mar. 29, 2011) (citing Fought & Co., 87 Haw. at 52, 951 P.2d at 502) ("Although Haw. Rev. Stat. § 607-14 does not expressly authorize an award of costs in addition to attorneys' fees, Hawaii courts award costs pursuant to § 607-14.")).

Plaintiff requests reimbursement of costs in the amount of $825.49 for FedEx, PACER, the filing fee, service of process, and copies.  See Memorandum in Support of Motion, ECF No. 20-1 at 27.  Absent any opposition to Plaintiff's request and in finding that Plaintiff's request for costs is reasonable, the Court RECOMMENDS that Plaintiff's request for costs in the amount of $825.49 be

granted.

## IV. Total Recommended Award

Based on the above, the Court recommends that Plaintiff be granted its reasonable attorneys' fees and costs in the amount below.

| Timekeeper | Hours | Rate | Fees Requested |
|---|---|---|---|
| Harvey J. Lung | 5.9 | $505.00 | $2,979.50 |
| David A. Imanaka | 9.5 | $240.00 | $2,280.00 |
| Ivana P. Tran | 106.8 | $190.00 | $20,292.00 |
| Amy S. Groves | 7.3 | $150.00 | $1,095.00 |
| Chad A. Wago | 4.1 | $150.00 | $615.00 |
| **Sub-Total** | | | $27,261.50 |
| **General Excise Tax (4.712%)** | | | $1,284.56 |
| **Costs** | | | $825.49 |
| **Recommended Award of Fees and Costs** | | | **$29,371.55**[3] |

## CONCLUSION

Based on the above, the Court FINDS and RECOMMENDS that Plaintiff's Motion for an Award of Attorneys' Fees and Non-Taxable Costs, ECF No. 20, be GRANTED. The Court recommends that Plaintiff be granted its reasonable attorneys' fees and costs in the amount of **$29,371.55**.

---

[3] This amount does not exceed 25% of the judgment awarded to Plaintiff in this action, as required by Section 607-14. See Haw. Rev. Stat. § 607-14; Clerk's Judgment, ECF No. 282.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 15, 2026.



Wes Reber Porter
United States Magistrate Judge

ABP Pearl Highlands LLC v. Tigo Energy, Inc.; CIVIL NO. 25-00154 JAO-WRP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF ABP PEARL HIGHLANDS LLC'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND NON-TAXABLE COSTS.