IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ABP PEARL HIGHLANDS LLC, | ) | CIVIL NO. 25-00154 JAO-WRP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | PLAINTIFF ABP PEARL |
| | ) | HIGHLANDS LLC'S MOTION FOR |
| TIGO ENERGY, INC., | ) | AN AWARD OF PRE-JUDGMENT |
| | ) | INTEREST AND POST- |
| Defendant. | ) | JUDGMENT INTEREST |
| | ) | |

### FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF ABP PEARL HIGHLANDS LLC'S MOTION FOR AN AWARD OF PRE-JUDGMENT INTEREST AND POST-JUDGMENT INTEREST

Before the Court is Plaintiff ABP Pearl Highlands LLC's (Plaintiff)

Motion for an Award of Pre-Judgment Interest and Post-Judgment Interest

(Motion), ECF No. 21.  No opposition was filed by Defendant Tigo Energy, Inc.

(Defendant).  The Court finds this Motion suitable for disposition without a

hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States

District Court for the District of Hawai'i.  After careful consideration of the record

in this action and the relevant legal authority, the Court FINDS AND

RECOMMENDS that Plaintiff's Motion be GRANTED.[1]

---

[1] Within fourteen days after a party is served with the Findings and
Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written
objections in the United States District Court.  A party must file any objections

FACTUAL BACKGROUND

Plaintiff is the fee simple owner of Pearl Highlands.  See Complaint, ECF No. 1 ¶ 12.  Plaintiff currently leases the solar photovoltaic energy system (PV System) at Pearl Highlands from its owner, First Hawaiian Leasing, Inc. (FHL).  See id.  ¶¶ 12-13.  The claims in this lawsuit arise out of allegedly defective and dangerous rapid shutdown devices (RSDs) designed, manufactured, marketed, and distributed by Defendant, and installed in the PV System at Pearl Highlands.  See id.  ¶ 11.  RSDs are fire safety devices installed on the back of solar modules that are intended to turn off or rapidly reduce voltage when necessary.  See id. ¶¶ 19-20.

On October 28, 2021, Plaintiff, FHL and another entity entered into a contract to construct the PV System.  See id.  ¶ 14.  Under the terms of the contract, SunPower commercial solar panels were installed in the PV System.  See id. ¶ 15.  The solar panels incorporated Defendant's RSDs as a safety component. See id. ¶ 16.

On October 28, 2021, Plaintiff and FHL also executed a lease, whereby FHL agreed to lease the PV System to Plaintiff.  See id. ¶ 17.  Under the terms of the lease, FHL also assigned to Plaintiff all rights to any manufacturer or

_____

within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

2

vendor warranties on the PV System.  See id.  The lease further required that all claims or actions under any such warranties shall be made by Plaintiff.  See id.

On March 24, 2024, two of Defendant's RSDs that were installed in the PV System melted, overheated, combusted or ignited, causing a critical failure in the PV System (Failure).  See id. ¶ 31.  The Failure totally shutdown the PV System and caused thermal or fire damage to it.  See id. ¶ 31.  As a direct result of the Failure, Plaintiff was forced to further shut down a portion of the PV System to prevent additional fires and mitigate the danger of death, personal injury, and property damage created by the RSDs.  See id. ¶ 34.

On December 13, 2024, Plaintiff sent a letter to Defendant, notifying it of the Failure and resulting shutdown.  See id. ¶ 35.  Plaintiff demanded that Defendant reimburse it for the costs incurred in removing and replacing the defective RSDs installed in the PV System, as well as for the energy production losses from the shutdowns of the PV System.  See id. ¶ 36.  Defendant did not respond.  See id.

On February 19, 2025, Plaintiff sent a second letter to Defendant, reaffirming its position that the defective RSDs posed a serious safety risk.  See id. ¶ 37.  Plaintiff reiterated its previous demands for reimbursement related to the removal and replacement of the defective RSDs and for losses stemming from the PV System shutdowns.  See id.  Again, Defendant did not respond.  See id.

Plaintiff thereafter removed and replaced Defendant's RSDs at a total cost of $84,607.00.  See Motion for Default Judgment, ECF No. 15-1 at 10 n.4; Declaration of Brad Santiago (Santiago Decl.), ECF No. 15-2 ¶ 10; Proposal from Titrium3, ECF No. 15-12; Notice to Proceed, ECF No. 15-13; Capital and One Time Service Agreement, ECF No. 15-14 at 1-2, 12.  Plaintiff also suffered lost energy production from the shutdowns of the PV System in an amount totaling $62,603.12.  See Complaint, ECF No. 1 ¶ 41; Santiago Decl., ECF No. 15-2 ¶ 13; Ex. L, ECF No. 15-15.

PROCEDURAL BACKGROUND

On April 11, 2025, Plaintiff filed the Complaint against Defendant, asserting claims for: (1) negligence due to product defect (Count I); (2) negligence due to failure to warn (Count II); (3) strict product liability (Count III); (4) breach of the implied warranty of merchantability (Count IV); (5) breach of the implied warranty of fitness for particular purpose (Count V); and (6) breach of express warranty (Count VI).  The Complaint prayed for, among other things, actual, general, special, treble, consequential, and punitive damages.  See Complaint, ECF No. 1 at 17.  Plaintiff also sought pre-judgment and post-judgment interest, as well as its costs, expenses, and attorneys' fees incurred in this matter.  Id.

Defendant was served on April 14, 2025.  See Proof of Service, ECF No. 11.  After Defendant failed to respond to the Complaint, default was entered

4

against it on May 7, 2025.  See Entry of Default, ECF No. 13.  On September 19, 2025, the District Court adopted this Court's Findings and Recommendations to grant in part and deny in part Plaintiff's Motion for Default Judgment, awarding Plaintiff damages in the amount of $147,210.12.  See Order Adopting Magistrate Judge's Findings and Recommendations, ECF No. 19; see also Findings and Recommendations to Grant in Part and Deny in Part Plaintiff's Motion for Default Judgment, ECF No. 18.  Judgment has yet to be entered.

DISCUSSION

In its Motion, Plaintiff seeks pre-judgment interest and the ongoing right to recover post-judgment interest, to accrue from the date of entry of judgment.  See Motion, ECF No. 21.

**A. The Court GRANTS Plaintiff's Motion for Pre-Judgment Interest**

"In diversity actions, state law determines the rate of prejudgment interest[.]"[2]  AT&T v. United Computer Sys., Inc., 98 F.3d 1206, 1209 (9th Cir. 1996).  In Hawaii, "[p]rejudgment interest . . . is awardable under [Hawaii Revised Statutes] § 636-16 in the discretion of the court."  Sentinel Ins. Co. v. First Ins. Co., 76 Haw. 277, 303, 875 P.2d 894, 920 (1994).  Section 636-16 states that, "[i]n awarding interest in civil cases, the judge is authorized to designate the

---

[2] The Court has subject matter jurisdiction in this action based on diversity jurisdiction.  See Complaint, ECF No. 1 ¶ 9.

commencement date to conform with the circumstances of each case, provided that the earliest commencement date in cases arising in tort, may be the day when the injury first occurred and in cases arising by breach of contract, it may be the date when the breach first occurred."  Haw. Rev. Stat. § 636-16.

"[T]he purpose of prejudgment interest, in the context of HRS § 636-16, is to correct injustice when a judgment is delayed for a long period of time for any reason, including litigation delays."  County of Hawai'i v. C&J Coupe Family, Ltd. P'ship, 124 Haw. 281, 312, 242 P.3d 1136, 1167 (2010) (internal quotation marks and citations omitted).  "[A] trial court can award prejudgment interest for *any substantial delay* in the proceedings, and [] *no purposeful delay on the part of the non-moving party is required*."  Id. (internal quotation marks and citations omitted) (emphases in original).

In this case, the Failure occurred on March 24, 2024, resulting in a shutdowns of the PV System.  See Complaint, ECF No. 1 ¶ 31.  Plaintiff sent two letters to Defendant, on December 13, 2024 and February 19, 2025, notifying Defendant about the Failure and shutdown and demanding reimbursement for the repair.  See id. ¶¶ 35-37.  Defendant did not respond to either letter.  Subsequently, Plaintiff filed this action against Defendant, on April 11, 2025, resulting in an entry of default on May 7, 2025.  See Complaint, ECF No. 1; Entry of Default, ECF No. 13.  Although Defendant was properly served on April 14, 2025, see Proof of

Service, ECF No. 11, Defendant has failed to respond to the lawsuit at all.  The Court therefore finds that Defendant's refusal to remedy the Failure, failure to respond to Plaintiff's communications, and failure to respond to this lawsuit resulted in a substantial delay such that Plaintiff is entitled to pre-judgment interest commencing on the date of the Failure, March 24, 2024, through the date of the entry of judgment.  See C&J Coupe, 124 Haw. at 310, 312, 242 P.3d at 1165, 1167.  The Court further finds that the applicable rate of pre-judgment interest is "ten per cent a year" on the judgment[3] pursuant to Haw. Rev. Stat. § 478-3.

**B. The Court GRANTS Plaintiff's Motion for Post-Judgment Interest**

"In diversity actions, . . . postjudgment interest is governed by federal law."  AT&T, 98 F.3d at 1209.  The award of post-judgment interest is governed by Title 28 of the United States Code, Section 1961, which provides, in relevant part:

> (a) Interest **shall be allowed** on any money judgment in a civil case recovered in a district court.  Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State.  Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date

---

[3] As noted above, Judgment has not been entered in this case.  Therefore, the Court recommends entry of Judgment so that Plaintiff may determine the exact amount of pre-judgment interest it is owed.

of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

(b) Interest **shall be computed daily** to the date of payment except as provided in section 2516(b) of this title and section 1304(b)(1) of title 31, and shall be compounded annually.

28 U.S.C. § 1961 (emphasis added).

"Post-judgment interest on a district court judgment is mandatory per 28 U.S.C. § 1961." Lagstein v. Certain Underwriters at Lloyd's of London, 725 F.3d 1050, 1056 (9th Cir. 2013) (citation omitted). "Interest runs from the date that entitlement to fees is secured, rather than from the date that the exact quantity of fees is set." Friend v. Kolodzieczak, 72 F.3d 1386, 1391-92 (9th Cir. 1995). Post-judgment interest must be applied to the entire amount of the money judgment, including damages, pre-judgment interest, and any award of attorneys' fees and costs. See Lagstein, 725 F.3d at 1056 ("Post-judgment interest should be awarded on the entire amount of the judgment, including any pre-judgment interest." (citation omitted)).

Based on the foregoing, the Court finds that Plaintiff is entitled to post-judgment interest under 28 U.S.C. § 1961 on the total money judgment— including the principal judgment amount of $147,210.12, together with the pre-judgment interest, attorneys' fees, and costs awarded. Such interest shall accrue from the date that Judgment is entered and shall be computed daily and

8

compounded annually through the date of payment.

CONCLUSION

The Court FINDS and RECOMMENDS that the District Court:

- ENTER Judgment pursuant to the Court's Order Adopting Magistrate Judge's Findings and Recommendations, ECF No. 19;

- GRANT Plaintiff's Motion for an Award of Pre-Judgment Interest and Post-Judgment Interest, ECF No. 21;

- AWARD Plaintiff pre-judgment interest commencing on March 24, 2024 against Defendant at the rate of "ten per cent a year" pursuant to Haw. Rev. Stat. § 478-3; and

- AWARD Plaintiff post-judgment interest on the total money judgment— including the principal judgment of $147,210.12, together with pre-judgment interest, attorneys' fees, and costs awarded, pursuant to 28 U.S.C. § 1961.  Such interest shall accrue from the date that Judgment is entered and shall be computed daily and compounded annually through the date of payment.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 25, 2026.



Wes Reber Porter
United States Magistrate Judge

ABP Pearl Highlands LLC v. Tigo Energy, Inc.; CV. NO. 25-00154 JAO-WRP;
FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF ABP PEARL
HIGHLANDS LLC'S MOTION FOR AN AWARD OF PRE-JUDGMENT INTEREST
AND POST-JUDGMENT INTEREST.